UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-24475-WILLIAMS/MCALILEY

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

ORION HEALTHCARE SERVICES, INC.,
d/b/a Wanderly,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT

Pending before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 10). Defendant did not file a response and the deadline to do so has passed. The Honorable Kathleen M. Williams referred the Motion to me for a Report and Recommendation. (ECF No. 11). I held an evidentiary hearing on the Motion on June 28, 2022. For the reasons explained below, I recommend that the Court grant the Motion.

**I.    BACKGROUND**

Plaintiff is a professional photojournalist who sells his work to various media organizations through either a licensing fee or at an all-inclusive rate. (ECF No. 10-1 at ¶¶ 3, 14). As relevant here, NYP Holdings, Inc., the publisher of the New York Post, contracted Plaintiff to take a photograph of an Outback Steakhouse sign on the exterior of an Outback Steakhouse restaurant (the "Photograph"). (ECF No. 10-1 at ¶¶ 9-10, 14). The

New York Post published the Photograph in an online article titled "Outback Steakhouse has a bread problem, investor says." (ECF No. 10-1 at ¶ 10). Plaintiff's name is listed underneath the Photograph. *Id.* On March 31, 2018, Plaintiff registered the Photograph with the Register of Copyrights, which issued Certificate of Registration number VA 0002106967. (ECF No. 10-1 at ¶ 11). Plaintiff testified that he did not license the Photograph to any person or entity other than the New York Post.

In September 2021, Plaintiff discovered that Defendant, a technology marketplace platform for traveling healthcare professionals and healthcare staffing companies, published the Photograph on its website. (ECF Nos. 1 at ¶¶ 10-11; 10-1 at ¶ 13). In particular, Defendant copied the Photograph and used it in a blog post titled "Food Freebies for National Nurses Week, May 6 – 12th, The Year of the Nurse," which listed discounts from various retailers. (ECF No. 10 at p. 4, ¶ 16). Plaintiff did not authorize Defendant to use the Photograph. (ECF No. 10-1 at ¶ 12).

Thereafter, Plaintiff's counsel sent Defendant a demand letter advising that the Photograph is protected by copyright and requesting payment of a license fee. (ECF Nos. 1 at ¶ 15; 10 at p. 7, ¶ 22). Defendant did not respond. (ECF No. 10 at p. 7, ¶ 22). Plaintiff's counsel attempted to contact Defendant several more times, but again, Defendant did not respond, nor did it pay Plaintiff for use of the Photograph. *Id.*; (ECF No. 1 at ¶ 15). Defendant did, however, remove the blog post from its website. (ECF No. 10 at p. 7, ¶ 23). Despite this, the Photograph remains visible on Defendant's website through a pinpoint URL address. *Id.*

Plaintiff filed this action on December 29, 2021, alleging copyright infringement under 17 U.S.C. § 501. (ECF No. 1). Defendant was properly served on December 30, 2021, (ECF No. 6), and has not filed any response to the Complaint. On February 7, 2022, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered a default against Defendant. (ECF No. 9). Plaintiff now moves for entry of a default judgment for statutory damages, a permanent injunction, and attorney's fees and costs. (ECF No. 10).

## II.     ANALYSIS

### A.     Legal Standard for Default Judgment

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. *See* Fed. R. Civ. P. 55(b)(2). Before it may do so, the court must determine that there is "a sufficient basis in the pleadings for the judgment entered," which finding is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks and citation omitted). When a defendant defaults, it admits as true all well-pleaded factual allegations in the complaint. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### B.     Defendant is Liable for Copyright Infringement

To establish a prima facie case of copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). A certificate of registration issued before or within five (5) years after first publication of the work "constitute[s] prima facie evidence of the validity of the copyright and of the facts

stated in the certificate." 17 U.S.C. § 410(c). "Once the plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that the work in which copyright is claimed is unprotectable (for lack of originality)." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quotation marks and citation omitted). To satisfy the second element, the plaintiff must prove that the defendant copied the plaintiff's work as a factual matter and "the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Id*. at 1233 (citation omitted).

The Complaint alleges that the Photograph is registered with the Register of Copyrights, and attaches a copy of the Certificate of Registration. (ECF No. 1 at ¶ 8, pp. 10, 13). Given Defendant's default, it has failed to meet its burden to show that the Photograph is unprotectable. Accordingly, I find that the Complaint sufficiently establishes Plaintiff's ownership of a valid copyright, thereby satisfying the first element of a copyright infringement claim. *See Latimer*, 601 F.3d at 1233.

With respect to the second element, the Complaint includes screenshots which show that Defendant publicly displayed the Photograph on Defendant's website. (ECF No. 1 at ¶ 11). There is no issue here factually, or subjectively, regarding "substantial similarity" because the copied work in question is an exact duplicate of the Photograph. (ECF No. 1 at ¶¶ 7, 11). Therefore, I find that the Complaint adequately establishes that the Defendant copied Plaintiff's copyrighted work.

For the foregoing reasons, I find that Plaintiff has sufficiently pleaded all elements for copyright infringement, and Plaintiff is therefore entitled to default judgment as to liability.

### C. Plaintiff is Entitled to Statutory Damages

Under the Copyright Act, a plaintiff who proves infringement may elect between two forms of damages: actual and statutory. 17 U.S.C. § 504(b), (c). When a plaintiff elects to recover actual damages, the award includes "actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). A plaintiff who elects statutory damages may recover "a sum of not less than $750 or more than $30,000 as the court considers just." *Id*. If the plaintiff can prove that the infringement was committed willfully, a court may increase the statutory damage award, above the foregoing range, up to $150,000. 17 U.S.C. § 504(c)(2). Here, Plaintiff elects to recover statutory damages and asks that the Court award $15,000.00. (ECF No. 10 at 14).

Courts have "wide discretion" when awarding statutory damages, and typically consider the following factors: (1) the infringers' blameworthiness; (2) the expenses saved and the profits reaped by the defendant; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed. *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1260-61 (11th Cir. 2014). The first factor is not applicable, as Plaintiff conceded at the evidentiary hearing that he is not attempting to show that Defendant's infringement was willful. The second factor is likewise inapplicable, as Defendant's failure to appear and participate in discovery prevents the Court from determining the amount of expenses that Defendant saved as a result of the infringement or the profits it reaped. *See Markos v. Yacht Charters of*

*Miami.com, LLC*, Case No. 19-22284-CV, 2019 U.S. Dist. LEXIS 172148, at *5 (S.D. Fla. Oct. 2, 2019), *report and recommendation adopted,* 2019 U.S. Dist. LEXIS 231480 (S.D. Fla. Oct. 21, 2019). The Court therefore examines the remaining two factors.

    1.    <u>Revenues Lost by Plaintiff</u>

"A claim for lost revenue may include a retroactive license fee" which measures "how much the plaintiff would have earned had he licensed his work to the defendant." *Reiffer v. Legendary Journeys, Inc.*, Case No. 8:17-cv-2748-T-35AAS, 2019 U.S. Dist. LEXIS 62401, at *5 (M.D. Fla. April 10, 2019) (citation omitted). To establish the fair market value of Plaintiff's licensing fee, Plaintiff must provide evidence of (1) previous compensation he received for use of the infringed work; or (2) evidence of benchmark licenses, which is what licensors have paid for use of comparable work. *Lorentz v. Sunshine Health Prods., Inc.*, Case No. 09-61529-CIV, 2010 U.S. Dist. LEXIS 148752, at *15-16 (S.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 148753 (S.D. Fla. Nov. 15, 2010). Plaintiff relies upon evidence of benchmark licenses, as he was paid an all-inclusive rate for the Photograph rather than a licensing fee. (ECF Nos. 10-1 at ¶¶ 14-15).

Plaintiff testified that the he was paid the following licensing fees for other photos, which he contends are comparable to the Photograph: (1) Fox News paid a licensing fee of $675.00 for a photograph of prostitutes on the street in New York; (2) a German museum paid a licensing fee of € 300 for a photograph of a car that fell into a sinkhole; and (3) a documentary filmmaker paid a licensing fee of $500.00 - $600.00 for a photograph of the

exterior of a penitentiary.[1] Plaintiff further testified that he negotiates the amount of his licensing fees depending upon the licensee's budget and whether the photo is exclusive or newsworthy, which results in a higher price than if the photograph is "run-of-the-mill." Plaintiff acknowledged that the Photograph is in the "run of the mill" category.

Having carefully considered the evidence, I find that Plaintiff's photograph of the penitentiary – licensed at $500.00-$600.00 – is most comparable to the Photograph. The Photograph is of a common franchise restaurant sign which can be photographed at any time. This is materially different than capturing a newsworthy event or a subject that is available in a singular moment in time. Because the Copyright Act does not permit a statutory damages award of "less than $750," the Court must use the $750.00 figure as Plaintiff's lost annual licensing fee. *See Markos*, 2019 U.S. Dist. LEXIS 172148, at *7-8 ("Since we cannot award 'less than $750.00' in statutory damages pursuant to 17 U.S.C. § 504(c)(1), we will proceed as if this figure served as the 'lost' licensing fee Plaintiff would have received if Defendant sought permission to use the photograph…").

Defendant published the Photograph on its website from at least May 2020 through October 2021. (ECF No. 10-1 at ¶ 16). Plaintiff testified that he licenses his photographs on an annual basis and does not prorate his rate. Therefore, the Court must double the

---

[1] Plaintiff also submitted a supporting Declaration showing that he received licensing fees of $1,800.00 or $2,100.00, and $650.00, respectively, for photographs of Michael Cohen having lunch at a restaurant while on house arrest and of El Chapo being transferred to a supermax prison. (ECF Nos. 10-1 at ¶ 15; 10-4 at 2-4). At the hearing, Plaintiff acknowledged that "there is a world of a difference" between those photos, which are newsworthy, and the Photograph, which is not.

$750.00 figure, for a total of $1,500.00, to represent the two years that Plaintiff would have licensed the Photograph to Defendant.

### 2. The Deterrent Value of the Damages Imposed

Plaintiff asks the Court to enhance his statutory damages award by applying a multiplier of five to his total lost licensing fee. (ECF No. 10 at 14). Plaintiff testified that he spends considerable time and resources monitoring the internet to identify unauthorized use of his copyrighted photographs. Plaintiff also explained that unauthorized dissemination of his copyrighted work diminishes the value of his photographs, and potential licensees are less inclined to pay Plaintiff a license fee if others are using his photograph for free. (ECF No. 10-1 at ¶ 17).

The goal of statutory damages is not to merely compel restitution of profit and reparation for injury, but to also deter future violations of copyright infringement. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003) (citing *F. W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 233 (1952)). On this record, I find that awarding Plaintiff his lost licensing fee alone is insufficient to deter future violations. I also find that Plaintiff's request for a multiplier of five is excessive. Courts typically award a multiplier of three in circumstances similar to those here. *See e.g., Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, Case No. 8:11-cv-2056-T-17TBM, 2013 U.S. Dist. LEXIS 143459, at *18-19 (M.D. Fla. Sept. 30, 2013) (finding three times the plaintiff's licensing fee "will adequately serve its statutory purpose and discourage wrongful conduct."), *aff'd,* 772 F.3d 1254 (11th Cir. 2014); *Markos*, 2019 U.S. Dist. LEXIS 172148, at *7 (finding plaintiff's request for a "five times willful multiplier" to be

excessive and utilizing a "three times multiplier" instead); *Affordable Aerial Photography, Inc. v. Villa Valentina Realty LLC*, Case No. 17-81307-CV, 2018 U.S. Dist. LEXIS 236961, at *14-15 (S.D. Fla. June 7, 2018) (concluding that multiplier of three "is sufficient to fully compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law."). Accordingly, I conclude that a multiplier of three is warranted to prevent unjust enrichment, compensate Plaintiff for the injury suffered, and promote deterrence.

Having carefully reviewed the foregoing factors, I recommend that Plaintiff receive $4,500.00 in statutory damages, which equals three times the licensing fee Defendant would have paid had it sought permission to use the Photograph.

### D. Plaintiff is Entitled to Injunctive Relief

In addition to statutory damages, Plaintiff seeks the following permanent injunction:

> Defendant Orion Healthcare Services, Inc., d/b/a Wanderly, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant Orion Healthcare Services, Inc., d/b/a/ Wanderly, are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

(ECF No. 1 at 8).[2]

The Copyright Act permits the court to grant injunctive relief to prevent or restrain further violations of a plaintiff's copyright. 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must show: "(1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Reiffer v. Active Certification Servs. LLC*, Case No. 1:21-cv-20177, 2021 U.S. Dist. LEXIS 215729, at *7-8 (S.D. Fla. Nov. 8, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 232474 (S.D. Fla. Dec. 3, 2021) (citation omitted). Each of these elements is satisfied here.

Irreparable injury is presumed in copyright infringement cases when a plaintiff has shown a likelihood of success on the merits. *Id*. at *8. Plaintiff has made that showing here, as Defendant has defaulted. *See Arista*, 298 F. Supp. 2d at 1314 ("Plaintiffs need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits.") (quotation marks and citation omitted). Accordingly, Plaintiff has satisfied the first element of a permanent injunction.

---

[2] The requested permanent injunction is not limited to the Photograph, which is appropriate in copyright infringement cases. As another court in this District recognized when entering a permanent injunction that prohibited infringement of "any of Plaintiffs' respective copyrights (whether now in existence or hereafter created)…", it is "standard practice" in copyright cases to cover "works to be created in the future" because "Plaintiffs continually create new works – works that would be vulnerable to infringement if the injunction were limited to existing works, and that would require new litigation to redress each future infringement…"). *Arista*, 298 F. Supp. 2d at 1315 (citations omitted).

10

As for the second element, monetary damages are insufficient to compensate Plaintiff because, without injunctive relief, the Photograph "would remain vulnerable to continued, repeated infringement." *Id* at 1315. With respect to a balance of hardship, there is no evidence that Defendant's business would be harmed if the Court grants Plaintiff injunctive relief. *See Sony Music Entertainment, Inc. v. Global Arts Prods*., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999). Plaintiff, however, would be harmed absent injunctive relief because his exclusive control over his intellectual property remains at risk of continued infringement. *Id.; see Arista*, 298 F. Supp. 2d at 1315. Therefore, the balance of hardship tips in favor of granting a permanent injunction. Finally, courts regularly find that there is a valid interest in upholding copyright protections. *Arista*, 298 F. Supp. 2d at 1314 (quoting *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc*., 994 F.2d 1476, 1499 (10th Cir. 1993)).

For the foregoing reasons, I recommend that the Court enter Plaintiff's requested permanent injunction.

E.  <u>Plaintiff is Entitled to Attorney's Fees and Costs</u>

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. The term "costs" includes recovery of a reasonable attorney's fee. *Id*. ("…the court may also award reasonable attorney's fee to the prevailing party as part of the costs."). It is clear that Plaintiff is the prevailing party given Defendant's default.

Plaintiff seeks $2,512.00 in attorney's fees and $442.00 in costs. (ECF No. 10 at 15). "A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the

reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, Case No. 10-21418-CIV, 2011 U.S. Dist. LEXIS 156499, at *40-41 (S.D. Fla. July 15, 2011), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 156504 (S.D. Fla. Aug. 8, 2011) (citing *ACLU v. Barnes*, 168 F.3d 423, 432-33 (11th Cir. 1999)). "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

The reasonable hourly rate is determined by "[t]he prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The relevant market is where the case is filed. *ACLU*, 168 F.3d at 427 (citation omitted). Here, Plaintiff requests an hourly rate of $450.00 for his attorney, Mr. DeSouza. (ECF No. 10-2 at ¶ 10). Mr. DeSouza has seventeen years' experience, with a focus on complex commercial and intellectual property litigation. (ECF No. 10-2 at ¶¶ 2, 4). Based upon the record and the Court's own knowledge and experience, I recommend that Mr. DeSouza's hourly rate be reduced to $385.00, which is consistent with the hourly rate awarded for similar work in this district. *See Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (district court "is itself an expert on the question [of reasonable hourly rates in the local market] …and may form an independent judgment either with or without the aid of witnesses as to value.") (citation omitted); *Reiffer*, 2021 U.S. Dist. LEXIS 215729 at *11-12 (finding an hourly rate of $450.00 for an attorney with 11 years of experience excessive and reducing it to $375.00); *Corson v. Gregory Charles*

*Interiors, LLC*, Case No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *11 (S.D. Fla. Aug. 7, 2020) (awarding a senior attorney with 26 years of experience and board certification in intellectual property an hourly rate of $395.00), *report and recommendation adopted*, Case No. 9:19-cv-81445 at ECF No. 15 (S.D. Fla. Aug. 24, 2020).

With respect to the number of hours reasonably expended, Plaintiff has submitted a copy of Mr. DeSouza's billing records. (ECF No. 10-2 at 8-9). I have carefully reviewed those documents, which reflect that Mr. DeSouza devoted 4.6 hours to this litigation. *Id*. I find those hours were reasonably expended. Accordingly, I recommend that the Court award attorney's fees totaling $1,771.00[3]

Plaintiff also seeks $442.00 in costs, comprised of $402.00 in filing fees and $40.00 for service of process. (ECF No. 10-2 at 11-12). Upon review of the record, I find that these costs are reasonable, and recommend that the Court award Plaintiff costs in the amount of $442.00.

### III.   RECOMMENDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART** the Motion for Default Judgement, (ECF No. 10), and enter final judgment in favor of Plaintiff and against Defendant as follows: (i) **$4,500.00** in statutory damages as provided by 17 U.S.C. § 504(c)(1), (ii) **$2,213.00** in reasonable attorney's fees

---

[3] 4.6 hours x $385.00 = $1,771.00

and costs pursuant to 17 U.S.C. § 505, and (iii) permanent injunctive relief as set forth above.

IV. **OBJECTIONS**

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 21st day of July 2022.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
 Counsel of record