**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-24475-CV-WILLIAMS**

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

ORION HEALTHCARE
SERVICES, INC.,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendation ("***Report***") on Plaintiff Christopher Sadowski's ("***Plaintiff***") Motion for Default Judgment ("***Motion***") against Defendant Orion Healthcare Services, Inc. ("***Defendant***") (DE 10). (DE 19.) In the Motion, Plaintiff requests that the Court enter final default judgment against Defendant; award Plaintiff $15,000.00 in statutory damages and $2,512.00 in attorneys' fees and costs; and permanently enjoin Defendant from infringing activities. (DE 10.) In the Report, Judge McAliley recommends that the Court grant in part and deny in part Plaintiff's Motion. (DE 19 at 13.) Specifically, Judge McAliley recommends that the Court enter final default judgment against Defendant; grant Plaintiff $4,500.00 in statutory damages and $2,213.00 in attorneys' fees and costs; and permanently enjoin Defendant from infringing activities. (*Id.*) Plaintiff filed objections to the Report. (DE 20.)

The Court must make a *de novo* determination of any portions of a report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). Plaintiff objected only to Judge McAliley's finding that Attorney Daniel DeSouza's ("**Mr. DeSouza**") hourly rate was unreasonable and recommendation that it be reduced from $450.00 to $385.00.[1] (DE 20.) "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted). The reasonable hourly rate is "[t]he prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The relevant market is where the case is filed. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

To support his position that $450.00 is a reasonable hourly rate, Mr. DeSouza filed a declaration. (DE 10-2.) In his declaration, Mr. DeSouza states that he is one of two principal shareholders at his firm, CopyCat Legal PLLC, which specializes in copyright infringement and is representing Plaintiff in this action. (*Id.* ¶ 2.) Mr. DeSouza has been a licensed attorney since 2005,[2] and his practice has "principally focused on

---

[1] Judge McAliley concluded that the total time Mr. DeSouza expended on this matter (4.6 hours) was reasonable. (DE 19 at 13.)

[2] Mr. DeSouza has been a member of the New York Bar since 2005 and the Florida Bar since 2006. (*Id.*)

business/complex commercial and intellectual property litigation." (*Id.* at ¶¶ 2, 4.) And Mr. DeSouza is admitted to at least sixteen (16) federal courts and has served as counsel of record in approximately 150 federal court and more than 250 state court lawsuits in Florida and New York. (*Id.* at ¶¶ 3–4.) In further support of his position, Mr. DeSouza cites to numerous decisions in the Middle and Southern Districts of Florida where courts concluded that $450 was a reasonable hourly rate for attorneys with similar experience and qualifications to Mr. DeSouza.

Having evaluated the reasonableness of Mr. DeSouza's hourly rate *de novo*, the Court agrees with Plaintiff that $450.00 is a reasonable hourly rate considering the prevailing market rate and Mr. DeSouza's experience and qualifications. *See Affordable Aerial Photography, Inc. v. Elegance Transportation, Inc.*, 2022 WL 2306182, at *11 (M.D. Fla. Feb. 23, 2022), *report and recommendation adopted*, 2022 WL 2306516 (M.D. Fla. Mar. 14, 2022) (finding attorney's rate of $450/hour in copyright case reasonable where attorney was one of two principal shareholders at his firm, specialized in copyright infringement, and has been a member of the Florida bar since 2006)[3]; *Palm Partners, LLC v. Netnames A/S*, 2018 WL 4208348, at *3 (S.D. Fla. July 20, 2018), *report and recommendation adopted*, 2018 WL 4208339 (S.D. Fla. Aug. 30, 2018) (holding that attorney's rate of $425/hour was reasonable where attorney was a shareholder and had over fourteen years of experience litigating intellectual property matters in federal court); *Bork v. Tran Huong Quynh*, 2020 WL 6366189, at *2 (M.D. Fla. Oct. 14, 2020), *report and recommendation adopted*, 2020 WL 6363847 (M.D. Fla. Oct. 29, 2020) (concluding that

---

[3] In *Affordable Aerial Photography*, Mr. DeSouza was the lawyer whose time and hourly rate was the subject of the reasonableness analysis. *Id.*

attorney's rate of $450/hour was reasonable where attorney had been admitted to the Florida bar ten (10) years prior, was Board Certified in Intellectual Property, and was a registered patent attorney); *cf. Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (stating that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] and may consider its own knowledge and experience . . . and may form an independent judgment either with or without the aid of witnesses as to value") (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Accordingly, upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** that:

1. The Report (DE 19) is **AFFIRMED AND ADOPTED IN PART**.
2. Plaintiff's Motion for Default Judgment (DE 10) is **GRANTED IN PART AND DENIED IN PART**, as follows:
    a. Plaintiff's request for default judgment against Defendant is **GRANTED**.
    b. Plaintiff shall recover **$4,500.00** in statutory damages pursuant to 17 U.S.C. § 504(c)(1).
    c. Plaintiff shall recover **2,512.00** in attorneys' fees and costs pursuant to 17 U.S.C. § 505.
    d. Plaintiff's request for a permanent injunction against Defendant is **GRANTED**.

The Court will separately enter an order of final default judgment.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 21st day of March, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE